## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF IOWA
## CENTRAL DIVISION

| | | |
|---|---|---|
| JONATHAN GUY, JOHN COLLINS, ALBERT WALKER, CHRISTOPHER BRIDGES, JEFF ELLIOTT and PHILIP GRICE, individually and on behalf of all persons similarly situated, | * * * * * * | CIVIL NO. 4:20-cv-00331-SBJ |
| Plaintiffs, v. | * * * | |
| DMG INSTALLATIONS, INC., CENTRAL COMMUNICATIONS, INC., MEDIACOM COMMUNICATIONS CORP., COMMUNICATIONS UNLIMITED, INC. and COMMUNICATIONS UNLIMTED CONTRACTING SERVICES, INC., | * * * * * * * * | **ORDER** |
| Defendants. | * * | |

## I. INTRODUCTION

In this case, cable installation technicians allege they were not paid minimum wage or overtime compensation in violation of federal and state statutory law. Plaintiffs now request approval of settlement agreements with defendants and, if granted, dismissal of the action. As explained below, the settlement agreements are approved to the extent this Court is satisfied the claims brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") involve bona fide disputes over provisions of the FLSA and the settlements appear to be fair and equitable to all parties. The request for dismissal of the action, however, is denied without prejudice to renew the request after the parties' agreed upon notice and settlement claims process has been completed.

## II. BACKGROUND

Plaintiff Johnathan Guy initiated this lawsuit on behalf of himself and similarly situated

technicians who were hired by defendants DMG Installations Inc. and Central Communications, Inc. to perform cable installations and repairs for defendant Mediacom Communications Corp. customers in Iowa. Dkt. 1. Guy asserted defendants misclassified them as independent contractors instead of employees and violated the FLSA and Iowa Wage Payment Collection Law, Iowa Code § 91A, by failing to pay overtime compensation for hours worked over forty in a workweek, failing to pay minimum wage, and making unlawful deductions from wages. *Id.* Guy asserted both a collective action under the FLSA, 29 U.S.C. § 216(b), and a class action under Federal Rule of Civil Procedure 23. *Id.*

Before a responsive pleading from defendants, plaintiffs filed an Amended Complaint (Dkt. 9) making the same general allegations. Defendants Mediacom Communications Corporation, DMG Installations, Inc. and Central Communications, Inc. filed answers to the Amended Complaint. Dkt. 20, 22.

A Second Amended Complaint was later filed which added similar claims by plaintiffs John Collins, Albert Walker, Christopher Bridges, Jeff Elliott and Philip Grice on behalf of themselves and similarly situated technicians who performed work for Mediacom Communications Corp. in other states through new defendants Communications Unlimited, Inc. and Communications Unlimited Contracting Services, Inc. Dkt. 31. In addition to reasserting the collective and class actions, and violation of Iowa law, plaintiffs alleged violations of Delaware, North Carolina, Maryland, and Florida law. *Id.*

Plaintiffs and defendants DMG Installations, Inc., Central Communications, Inc., and Mediacom Communications, Corp. proposed a schedule for those defendants to answer the Second Amended Complaint and for plaintiffs to file a motion for conditional certification and issue notice under the FLSA which was adopted by the Court. Dkt. 35. Subsequently, defendants

Communications Unlimited Contracting Services, Inc. and its d/b/a Communications Unlimited, Inc. filed a Motion to Dismiss for lack of personal jurisdiction. Dkt. 47. Thereafter, the parties requested additional time for defendants to answer the Second Amended Complaint, for plaintiffs to file a conditional certification motion, and for plaintiffs to respond to the motion to dismiss. Dkt. 51. It was indicated the parties were exploring resolution of the issues without judicial assistance. *Id.* This request along with three similar requests which followed were granted by the Court. Dkt. 53, 55, 59, 65.

Eventually, the Court was notified by counsel for the parties that the case had been settled. Dkt. 67, 68. Counsel also indicated the parties would seek judicial approval of the settlement. *Id.* The parties then consented to have a United States Magistrate Judge conduct all further proceedings pursuant to 28 U.S.C. § 636(c). Dkt. 69.

Now before this Magistrate Judge are two motions requesting approval of the parties' settlement: Plaintiffs' Unopposed Motion to Approve Settlement Between Plaintiff Jonathan Guy and Defendant DMG Installations, Inc. (Dkt. 70) and Plaintiffs' Unopposed Motion to Approve Settlement Between Plaintiffs John Collins, Albert Walker, Christopher Bridges, Jeff Elliott, and Philip Grice and Defendants Mediacom Communications Corp., Communications Unlimited, Inc. and Communications Unlimited Contracting Services, Inc. (Dkt. 75). Unredacted versions of the motions were also filed under seal. Dkt. 76, 77. Plaintiffs request that the Court issue an order: (1) granting approval of the proposed settlement agreements; (2) approving attorneys' fees and costs in the amount of one-third of the settlement amounts; (3) approving service awards to named plaintiffs; (4) approving a plan of notice to opt-ins including a proposed notice; and (5) dismissing the case with prejudice. Dkt. 70 p. 26; Dkt. 75 pp. 27-28. *See also* Dkt. 70-5, 75-4 (proposed orders).

In support of those motions, Plaintiffs submitted declarations of counsel, copies of the executed settlement agreements with proposed notices and claim and release forms, and calculations for estimated settlement shares. Dkt. 70-1, 70-2, 70-3, 70-4, 75-1, 75-2, 75-3. Defendants do not join in the motions, but plaintiffs indicate defendants do not oppose the motions. Dkt. 70 p. 4; Dkt. 75 p. 4.

After an initial review of those submissions, the Court directed (Dkt. 78 pp. 3-4) the parties to provide supplemental briefing as to a recent opinion by the Eighth Circuit, *Vines v. Welspun Pipes Inc.*, 9 F.4th 849 (8th Cir. 2021), which has "acknowledged a split among the circuits over whether judicial approval is required for all FLSA settlements." *Id.* at 853 (citing *Barbee v. Big River Steel, LLC*, 927 F.3d 1024, 1026 (8th Cir. 2019)). The *Vines* opinion stated in part:

> In *Barbee*, we declined to take a side on the issue and instead provided a narrow holding about the settlement of FLSA attorneys' fees: "[A]ny authority for judicial approval of FLSA settlements ... does not extend to review of settled attorney fees." *Id.* at 1027. But, assuming that judicial approval was required for the FLSA claim, we left to district courts "the authority to ensure [(1)] the attorney fees were in fact negotiated separately and without regard to the plaintiff's FLSA claim, and [(2)] there was no conflict of interest between the attorney and his or her client." *Id.* at 1027 n.1. We reasoned that the FLSA's text treats attorneys' fees as distinct from the underlying wage claim and thus judicial approval of attorneys' fees would not "serve[ ] the 'FLSA's underlying purpose' of protecting workers' rights." *Id.* at 1027 (quoting *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015)). So long as "the parties negotiate the reasonable fee amount separately and without regard to the plaintiff's FLSA claim, the amount the employer pays to the employees' counsel has no bearing on whether the employer has adequately paid its employees in a settlement." *Id.*

*Id.* at 853-54. Given a potential impact on the motions before this Court, the parties were directed to review the *Vines* and *Barbee* opinions and file supplemental briefing as to the application of such precedent to the review and approval being sought in this particular case. Dkt. 78 p. 4. The Court also requested briefing as to whether it has jurisdiction to approve a settlement agreement involving defendants Communications Unlimited, Inc. and Communications Unlimited

Contracting Services, Inc. who asserted this Court lacks personal jurisdiction over them under their Motion to Dismiss. *Id.*

Subsequently, defendants Communications Unlimited, Inc. and Communications Unlimited Contracting Services, Inc. filed a Notice of Withdrawal of Motion to Dismiss (Dkt. 79). Defendants indicate they "voluntarily consent to this Court's personal jurisdiction for the purposes of this case only." *Id.* p. 1.

Defendants DMG Installations, Inc. and Central Communications, Inc. filed a Supplement Brief Regarding Settlement asserting the *Vines* and *Barbee* opinions do not apply to this case. Dkt. 80 ¶ 7. Defendants represent that "[d]istrict courts in the Eighth Circuit have found that *Barbee* does not apply in cases where, as here, attorneys' fees were calculated as a percentage of settlement funds rather than negotiated separately." *Id.* ¶ 4 (citing cases). They urge the Court to "apply the cases Plaintiffs cite in their briefs to determine whether the settlement is a fair and reasonable resolution of this case." *Id.* ¶ 7.

Plaintiffs also filed Supplemental Briefing noting "*Vines* and *Barbee* left open whether judicial approval of a FLSA settlement is even required before the case can be dismissed with prejudice." Dkt. 81 p. 3. Nevertheless, Plaintiffs urge this Court to approve their settlement with defendants as "a fair, reasonable, and adequate resolution of strongly contested issues," including as to their attorneys' fees. *Id.* pp. 3-10. Plaintiffs indicate "the parties agreed to amend the settlement agreements to only award Plaintiffs' Counsel fees on the claimed settlement funds – the remaining amounts allocated for attorneys' fees will be distributed pro rata to the claiming collective members." *Id.* pp. 1-2. As further explained: "counsel's one-third fee will be keyed to the actual amount of monies claimed by the putative collective members." *Id.* p. 2. Plaintiffs maintain that "[a]warding fees on the percentage-of-the-fund method is appropriate because *Vines*

and *Barbee* did not overturn Eighth Circuit precedent approving of the percentage-of-the-fund method in common-fund cases, like this one." *Id.*

Finally, defendant Mediacom Communications Corp. filed a Supplemental Brief indicating agreement "with Plaintiffs and Defendant DMG Installations, Inc. that neither of the Eighth Circuit's opinions in *Barbee* and *Vines* addressed common-fund settlements that award attorneys' fees based on the percentage-of-the-fund method." Dkt. 82 p. 1. Mediacom Communications Corp. maintains that "courts in both this District and throughout the Eighth Circuit have routinely approved FLSA settlements that use the percentage-of-the-fund method to award attorneys' fees" and "is a prevailing method of awarding attorneys' fees in FLSA settlements." *Id.* pp. 1-2 (citing cases).

The Court considers the motions to be fully submitted and a hearing on the matter is not necessary. *See* L.R. 7(c).

### III. COURT'S REVIEW

As acknowledged by Plaintiffs, the precedential Court of Appeals for the Southern District of Iowa, the Eighth Circuit, has not opined whether judicial approval is required for FLSA settlements. *Vines*, 9 F.4th at 853. This is distinct from class action settlements under Federal Rule of Civil Procedure 23 which explicitly provides that the claims "of a certified class—or a class proposed to be certified for purposes of settlement—may be settled, voluntarily dismissed, or compromised *only* with the court's approval." Fed. R. Civ. P. 23(e)(emphasis added). In addition, the court may approve a proposed class action settlement "*only* after a hearing and only on finding that it is fair, reasonable and adequate." Fed. R. Civ. P. 23(e)(2)(emphasis added).

Here, Plaintiffs indicate they are not seeking approval of a settlement of their asserted class action under Rule 23. Nor do Plaintiffs appear to seek approval of a settlement of the alleged

violations of state law. From this Court's perspective, these distinctions are notable in consideration of Plaintiffs' motions for approval of their FLSA settlement agreements with defendants and the applicability of legal authority. This Court's review is limited to the material terms of the settlement agreements addressing the monetary resolution of Plaintiffs' alleged wage and overtime claims under the FLSA.

Courts within the Eighth Circuit, including the Southern District of Iowa, have assessed FLSA settlements within various contexts and when doing so have considered whether the case involves a bona fide dispute over FLSA provisions and whether the proposed settlement is fair and equitable. *See, e.g.*, *Johnson v. Himagine Sols., Inc.*, 2021 WL 2634669, at *4 (E.D. Mo. 2021) ("Before approving a settlement agreement in a case brought under § 216(b), the Court must determine that (1) the litigation involves a bona fide dispute, and (2) the proposed settlement is fair and equitable to all parties."); *Kappelmeier v. Wil-Shar, Inc.*, 2019 WL 4229686, at *2 (W.D. Ark. 2019) ("[A] district court may only approve a settlement agreement and enter a stipulated judgment that includes a waiver of FLSA claims after it determines that the litigation involves a bona fide dispute and that the proposed settlement is fair and equitable to all parties.") (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 n. 8 (11th Cir. 1982)); *Lewis-Ramsey v. Evangelical Lutheran Good Samaritan Soc'y*, 2017 WL 821656, at *4 (S.D. Iowa 2017) ("[A] district court may approve a proposed settlement agreement only 'after it determines that the litigation involves a bona fide dispute and that the proposed settlement is fair and equitable to all parties.'") (quoting *Boland v. Baue Funeral Home Co.*, 2015 WL 7300507, at *2 (E.D. Mo. 2015); citing *Lynn's Food Stores*, 679 F.2d at 1352-54); *Stainbrook v. Minnesota Dep't of Pub. Safety*, 239 F.Supp.3d 1123, 1126 (D. Minn. 2017) ("When a district court reviews a proposed FLSA settlement, it may approve the settlement agreement after it determines that the litigation involves

a bona fide dispute and that the proposed settlement is fair and equitable to all parties.").

Here, this Court is satisfied the case involves bona fide disputes over FLSA provisions. As set forth in the Second Amended Complaint, Plaintiffs allege defendants misclassified them and other similarly situated cable installation technicians as independent contractors instead of employees under the FLSA (citing 29 U.S.C. § 203). Plaintiffs further contend defendants failed to pay them overtime compensation for hours worked over forty in a workweek as required by the FLSA (citing 29 U.S.C. § 207), failed to pay minimum wage to them as required by the FLSA (citing 29 U.S.C. § 206(a)(1)), and made unlawful deductions from wages in violation of the FLSA (citing 29 U.S.C. § 206). Dkt. 31. Although defendants have not answered the Second Amended Complaint, in prior answers they denied the allegations of misclassifying cable installation technicians as independent contractors and denied liability to Plaintiffs for any violations of the FLSA. Dkt. 20, 22. Defendants also asserted various affirmative defenses. *Id.*

The parties participated in two full-day mediation sessions and reached certain resolutions set forth in two Settlement Agreements which have been submitted by Plaintiffs to this Court for review.[1] Courts consider a "broad array of factors" depending on the case's unique circumstances to assess the fairness and equity of a proposed FLSA settlement. *Lewis-Ramsey*, 2017 WL 821656, at *4; *see also Stainbrook*, 239 F.Supp.3d at 1126 ("To determine whether settlement terms are fair and equitable to all parties, a district court may consider a multitude of factors."). Upon doing so here, this Court is satisfied the parties' agreements to resolve their bona fide disputes over FLSA provisions and requirements are fair and equitable.

The Court first notes the Settlement Agreements appear to be the result of arm's length

---

[1] The Settlement Agreement pertaining to Plaintiff Jonathan Guy refers to a wrong case number, "No. 4:17-cv-178-SMR-RAW", for this present case. Dkt. 70-2.

mediation by the parties' legal representation with the utilization of a neutral mediator, and after the exchange of pertinent information. The following representations were made by the parties within the Settlement Agreement pertaining to Plaintiff Guy:

> Plaintiff's Counsel have analyzed and evaluated the merits of the claims made against DMG Installations and Mediacom in the Lawsuit related to installations and repairs performed in Iowa, conducted interviews with Plaintiffs and the Opt-In Plaintiffs, obtained and reviewed documents relating to DMG Installations' compensation policies and practices, and analyzed compensation data that they obtained from DMG Installations prior to the mediation, and based upon their analysis and evaluation of a number of factors, and recognizing the risks of litigation, are satisfied that the terms and conditions of this Settlement Agreement are fair reasonable, and adequate and that this Settlement Agreement is in the best interests of Plaintiff Jonathan Guy and the members of the proposed collective of Iowa technicians[.]
>
> * * *
>
> DMG Installations and Mediacom deny all of the allegations made by Plaintiffs in the Lawsuit and deny that they are liable to or owe damages to anyone with respect to the alleged facts or causes of action asserted in the Lawsuit. Nonetheless, to avoid incurring additional costs in the Lawsuit and without admitting or conceding any liability or damages whatsoever, DMG Installations and Mediacom have agreed to settle the Plaintiff's claims based on installations and repairs performed in Iowa on the terms and conditions set forth in this Settlement Agreement[.]

Dkt. 70-2. It is also stated: "This Settlement Agreement has been drafted jointly by counsel for the Parties." *Id.*

The Settlement Agreements indicate Plaintiffs' claims were settled for a certain total amount which includes attorneys' fees in an amount not to exceed one third of the total for Plaintiff's counsel, service awards to named Plaintiffs, and proportionate settlement shares to the cable installation technicians. The prorated shares are to be allocated based upon the number of weeks the technician performed services for defendants. Plaintiffs submitted a chart of calculations for estimated settlement shares of 94 individuals for the Settlement Agreement as to Plaintiff Guy and 58 individuals for the Settlement Agreement as to the other named Plaintiffs. The Settlement Agreements set forth a notification and "collective settlement process" to be administered by

Plaintiffs' counsel after defendants provide contact information for the technicians. A notice will be sent indicating the amount of the technician's settlement share and the technician has 60 days to submit a claim. Details regarding this process including payment to the technicians are set forth in the Settlement Agreements. It is further provided that upon cashing or depositing the settlement check the technician will release claims against defendants. Attached to the Settlement Agreements are the Notice and "Claim Form and Individual Release" to be sent to the technicians.

Counsel for Plaintiffs submitted Declarations to the Court in support of their motions which reiterated the terms of the parties' agreements and the notice/claim process. Dkt. 70-1, 75-1. Counsel also makes certain representations including:

> I believe that the negotiated settlement is fair and reasonable, and provides an excellent settlement for the FLSA Settlement Members with respect to their overtime and deductions claims resulting from Defendant's alleged improper wage and hour practices at issue in this case.
>
> The Settlement Agreement reached by the Parties offers significant advantages over the continued prosecution of this contested case, in which Defendants contend that the FLSA Settlement Members were properly classified as independent contractors.
>
> Absent a settlement in this case, Plaintiffs would face significant challenges in maintaining collective action certification here, where the experiences of Plaintiffs and FLSA Settlement Members, including their project assignments and number of projects worked for Defendants, were not identical.
>
> The Total Settlement Amount is based on the number of weeks FLSA Settlement Members worked for Defendants and amount of certain deductions taken from their pay during the relevant time period.
>
> The Total Settlement Amount was carefully negotiated based on factual discovery, a substantial investigation by Plaintiffs' Counsel, and the review and analysis of documents and data produced by Defendants in preparation for mediation.

Dkt. 70-1, 75-1 ¶¶ 6, 7, 8, 11, 12.

After reviewing the materials and information submitted by Plaintiffs, the Court is satisfied the settlements agreed to by the parties and as amended, specifically as to the calculation of the

amounts of the prorated shares to be allocated to the technicians, and the agreed upon notice/claim process to be utilized, is fair and equitable. In this Court's view, the parties' agreements reflect a reasonable compromise of disputed legal issues over wages under the FLSA and not a mere waiver of statutory rights by employees or overreaching by employers. In addition, it is noteworthy this case is at an early stage and, consequently, the parties will not incur the expense of lengthy litigation and Plaintiffs avoid the risk of being unsuccessful in pursuing their claims against defendants.

In sum, this Court is satisfied the parties' settlement agreements in this particular case, as amended, are a fair and equitable compromise of bona fide disputes over wages under the FLSA. To this extent, Plaintiffs' Unopposed Motion to Approve Settlement Between Plaintiff Jonathan Guy and Defendant DMG Installations, Inc. (Dkt. 70, 76) and Plaintiffs' Unopposed Motion to Approve Settlement Between Plaintiffs John Collins, Albert Walker, Christopher Bridges, Jeff Elliott, and Philip Grice and Defendants Mediacom Communications Corp., Communications Unlimited, Inc. and Communications Unlimited Contracting Services, Inc. (Dkt. 75, 77) are hereby granted.

### IV. REQUEST FOR DISMISSAL

Plaintiffs request that the Court dismiss this case with prejudice against defendants. Dkt. 70 p. 26; Dkt. 75 p. 28. *See also* Dkt. 70-5, 75-4 (proposed orders). In the Court's opinion, however, it would be premature and imprudent to do so at this time, before the parties' notice and settlement claims process has been completed. In that regard, the Court notes the parties provide as follows in their Settlement Agreement pertaining to Plaintiff Guy,

> The Court shall retain jurisdiction with respect to the interpretation, implementation, and enforcement of the terms of this Settlement Agreement and all orders and judgments entered in connection therewith, and the Parties hereto submit to the jurisdiction of the Court for purposes of interpreting, implementing, and

> enforcing the settlement embodied in this Settlement Agreement and all orders and judgments entered in connection therewith.

Dkt. 70-2 ¶ 19. And in the Settlement Agreement pertaining to the other named Plaintiffs, the parties provide:

> Any proceeding to interpret or enforce the terms of the Agreement shall take place in the United States District Court for the Southern District of Iowa, Central Division, the Court in which the Lawsuit is pending.

Dkt. 75-2 ¶ 8.

Plaintiffs' request for dismissal of the case is therefore denied without prejudice to file a motion for dismissal upon final completion of the notice and settlement claims process. The Court, *sua sponte*, stays the case until further order. The parties shall file a joint report as to the status of the notice and settlement claims process on January 7, 2022.

IT IS SO ORDERED.

Dated October 22, 2021.

_____
STEPHEN B. JACKSON, JR.
UNITED STATES MAGISTRATE JUDGE